Dwight, J.
—The same application was previously made by the appellant in the case of the proceeding by the same petitioner to acquire lands (of another owner) adjoining those described in this case. That application, like this, was denied at special term and the order was affirmed, on appeal, by this court. We see no reason to change the views, then determined, of the questions presented; but, as no opinion was written at that time, we give now the reasons which have influenced the decision on both applications.
The right to be made a party to this proceeding is claimed under the terms of the statute (Laws 1850, chap. 140. § 14), which provides that the petition must state the names and residence of the parties who own or have “ estate or interests in” the real estate described in the petition; and, further, that a copy of the petition, with notice, etc., must be served oh all persons “ whose interests are to be affected by the proceedings.”
The appellant is the owner of an important easement in or over the lands described in the petition, and it is objected to this application, first, that such easement is not, within *547 the meaning of the statute, an estate or interest in the lands described; and, second, that whatever the interest of the applicant is it is not to be affected by the proceedings.
The first objection cannot prevail an easement. Although only an incorporeal right and appurtenant to another, the dominant tenement is yet properly denominated an interest in the land which constitutes the servient tenement. Washburn, in the opening of his treatise on the law of easements (p. 2) says, “various forms of definition have been applied in describing this class of interests in real property;” and, again, at page five, “an easement always implies an interest in the land over which it is to be enjoyed.” And he quotes the language of Oresswell, J., in Rowbotham v. Wilson (8 Ellis & B., 123), “an easement must be an interest in or over the soil.”
When, therefore, the legislature use the term “estates or interest in lands,” it must be conceded that the language is broad enough to include that class of rights known as easements.
This generalization is not, however, conclusive upon the question whether the case of the applicant is within the provision of the statute prescribing who shall be made parties in such cases, because the latter clause of the section (section 14, supra) limits the requirement to those persons “whose interests are to be affected by the proceedings.”
We think it is clear that, under this limitation, the requirement does not include the applicant in this case.
The petitioner does not seek to acquire any estate or interest belonging to the Hydraulic Power Company. It does not ask to acquire the easement of that company nor any part of it. The proceeding is taken to acquire title to the servient tenement—that of the owners of the land; and the petition is, and must be, content to accept that title subject to all the rights of the dominant tenement. Should the petitioner, having acquired that title, assume to do any act, in the use of its property, in derogation of, or of interference with, the rights of the owner of the easement, such act would derive no support from these proceedings, but all the remedies against it would be as available as if these proceedings had not been taken.
In short, it is apparent that the legal rights of the applicant cannot be affected by these proceedings.
Nevertheless, if it were made to appear that in the practical use of the estate to be acquired by the petitioner any limitation would be imposed on the practicable enjoyment of its easement by the applicant, it would probably be the right of the owner of the easement to be brought in as a party; because the law has prescribed this proceeding as *548 one in which rights and interests are to be protected as well as acquired. But in the practical as well as the legal aspect of the case the rights of the applicant seem to be secure.
Its tenement is not only dominant in law, but in the physical nature of the situation. Its position is like that of the wolf in the fable. Elevated two hundred feet above the level of the proposed railway, no structure of the latter can set back the water upon its wheels, nor impede the discharge of rock earth and debris down the high bank. Removed one hundred and fifty feet horizontally from the base of the cliff, and constructed on trestle work, the petitioner believes that its track will be safe from injury either from water or solid material so discharged; but, if not, the risk and loss is its own.
These are, briefly, the grounds of our decision that the applicant is not entitled, as matter of right, to be made a party to this proceeding, and that, if the court had a discretion in the premises, it was properly exercised in the denial of this application.
The order of special term should be affirmed, with costs.
The decision of the court of appeals in the matter of the petition of the same railroad company to acquire lands of De Veaux College (13 N. Y. State Rep., 690), pronounced since this opinion was written, has furnished ground for the affirmance of the order here appealed from without consideration of the merits of the application of the Hydraulic Power and Manufacturing Company; but, the questions involved having been fully considered by us, and in order to a just disposition of the question of costs, we think it proper that the order should be affirmed on the merits.
Order in each case appealed from affirmed, with ten dollars costs and disbursements in one cáse.
Parker, P. J., Haight and Bradley, JJ., concur.